GAY *against* PATTERSON.

THIS cause had been referred, and the report being in favour of the plaintiff, the taxing officer had allowed in the taxation of costs $40, as a counsel fee for 5 days attendance of counsel before the referees.

E. *Williams*, for the defendant, appealed from this taxation. He said he was aware that this charge had been allowed under the clause in the act of *April* 5, 1813, (1 *R. L.* 517, *s.* 4) which declares that, on taxation of costs upon a reference, " a reasonable allowance shall be made to the prevailing party, for such services and expenses as may accrue upon, or attend the reference of the cause." With deference, he considered the practice incorrect. The fee bill was passed *April* 9th. of the same year, (2 *R. L.* 3) fixing the allowance to attorneys, counsel, witnesses, &c. and if the former act contemplated an extra allowance, it was repealed by the latter. But the statute authorizing this *reasonable allowance*, may be satisfied, entirely independent of attorney and counsel fees. It means no more than that the allowance shall be made for those expenses not embraced by the fee bill, owing to the peculiar course of proceeding ; such as the expenses of the referees, as house-room, board, &c. In all other respects the quantum should be graduated by the fee bill. If you give an extra allowance to counsel, there is nothing to prevent your enlarging the fees of the attorney, witnesses, the magistrate for swearing the referees, &c. This may certainly be done upon the same principle.

*W. H. Maynard & G. C. Bronson*, contra, relied upon the practice as settled, and mentioned a manuscript case decided several years ago, upon the authority of which this allowance had been repeatedly made.

*Curia.* This counsel fee has been allowed in practice ; but, on examining the subject, we think the allowance was

*The statute of April 5th, 1813, (sess. 36, ch. 56, s 6) providing that, in case of reference, "a reasonable allowance shall be made to the prevailing party for such services and expenses as may accrue upon, or attend the reference of the cause," does not extend to the fees of counsel, &c. but is confined to the incidental expenses of the referees.*

erroneous. The words of the statute may be satisfied by taxing the incidental expenses of the referees ; and we think this is all the legislature intended. We direct a re-taxation accordingly.

Rule accordingly.

